## 10005

### WILLIS v. ALCOLU R. C.
#### (97 S. E. 56.)

ADVERSE POSSESSION—RECOVERY OF RIGHT OF WAY—ACCRUAL OF CAUSE.—
Where a railroad company enters under a lumber company, which by timber deed has right to operate a railroad across the land for a fixed period, its possession during such period gives it no title as a common carrier, under Civ. Code 1912, sec. 3301, for the landowner's right of action to recover possession accrues on expiration of that period.

Before WILSON, J., Florence, Fall term, 1917.    Reversed and new trial granted.

Action by Mrs. M. E. Willis against the Alcolu Railroad Company to recover possession of land.    From a judgment on a verdict directed for defendant, plaintiff appeals.

*Mr. Philip H. Arrowsmith,* for appellant, submits: *That appellant should have been allowed to offer evidence tending to prove the facts and circumstances under which the defendant railroad company had acquired its rights of way over lands of appellant:* 69 S. C. 481. *Sec. 3301 of the Civil Code could not avail as a defense because it was not pleaded. Besides it has no application to case at bar, and only applies to cases arising under it and its immediate statutes to be found under article X of the Code:* 94 S. C. 243.

*Mr. F. L. Willcox,* for respondent.

July 27, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a judgment entered upon a directed verdict in favor of defendant-respondent, directed by his Honor, Judge Wilson, at the November term of Court, 1917, for Florence county. The exceptions are:

(1) It is respectfully submitted that his Honor, the trial Judge, erred in excluding and refusing to allow the plaintiff to offer evidence tending to prove the facts and circumstances under which the defendant railroad company had acquired its rights of way over the lands of plaintiff, the error being, first, that section 3301, in order to avail the defendant as a special defense, should have been pleaded, and, not having been pleaded, was not available to the defendant; second, that said statute (section 3301 of the Code), prescribing a special limitation of 12 months within which to file a petition for compensation, applies only to cases falling within the purview of it and the preceding sections, and has no application to the facts in this case; third, that it was competent under the pleadings in this case for the plaintiff to show that the entry was made under the protection of the timber deed to the D. W. Alderman & Sons Company, and that the operation of the defendant railroad over the right of way had not been under any right acquired by statute, but solely under the protection afforded the D. W. Alderman & Sons Company by said timber deed, and thereupon plaintiff would have been entitled as against the defendant to recover possession of the right of way and force the defendant into condemnation proceedings.

The exceptions must be sustained. The plaintiff, in her suit to recover possession of her land alleged to be in possession of defendant, has the right to show facts and circumstances under which the defendant happens to be in possession. The timber deed carried the right to operate steam locomotives across the land for a certain period, and defendant had the right so to do for the period provided for in the deed, and no longer; and the defendant could not convert itself into a common carrier and deprive the owner of her

property without compensation and without opportunity of showing how she is deprived of her property. Under the deed under which defendant claims, it had the right to operate its road for the period fixed in that deed. When that period expired the defendant's right to operate the road expired, and if the defendant converts itself into a common carrier, and uses the plaintiff's land, it must compensate the plaintiff, and can acquire the right by purchase or condemnation. The plaintiff's right of action accrued when the timber deed expired. The defendant's right to operate the road ceased at that time.

Judgment reversed, and new trial granted.